## ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

## MARCH TERM, 1914.

---

*(Continued from Volume 183.)*

---

JOHN EADS, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

**St. Louis Court of Appeals. Submitted on Briefs May 7, 1914. Opinion Filed June 2, 1914.**

PRINCIPAL AND AGENT: Authority of Agent: Sufficiency of Evidence. The owner of land adjoining the right of way of a railroad, being desirous of getting a building, which was located partly on his land and partly on the right of way, out of the way so that a fence could be constructed along the right of way, wrote to the railroad company that he would set fire to the building whenever the company was ready to build the fence, and an agent of the company replied that he should do so at once, and that the company would take steps to have the fence constructed at an early date. The owner set fire to the building, and the fire spread to and consumed ties belonging to the plaintiff, located on the right of way. In an action against the railroad company, *held* that the landowner was not its agent, so as to make it liable for his act in setting out the fire.

Appeal from Wayne Circuit Court.—*Hon. E. M. Dearing,* Judge.

REVERSED.

*R. T. Railey* and *N. A. Mozley* for appellant.

(1) The evidence in this case was insufficient to authorize a recovery on the part of plaintiff, and the court should have so declared. R. S. 1909, sec. 2021; Swearinger v. Railroad, 221 Mo. 644; Clark v. Clark, 59 Mo. App. 532; Wesby v. Bowers, 58 Mo. App. 419; Spiro v. St. Louis Transit Co., 102 Mo. App. 250. (2) There is no evidence in the record that Carroll, the alleged author of plaintiff's exhibit "A," was the agent of defendant, or that his relations to defendant were such that gave him the authority to employ Warren or to give Warren permission to start in motion the agency which resulted in plaintiff's damage. 31 Cyc. 1643, 1652; Knoche v. Whiteman, 86 Mo. App. 568; Salmon Falls Bank v. Leyser, 116 Mo. 51; Diel v. Railroad, 37 Mo. App. 454; Waters-Pierce Oil Co. v. Zinc Co., 98 Mo. App. 324; Glencoe Lime & Cement Co. v. Clore, —— Mo. App. ——, 153 S. W. 542; Groneweg & Schoentgen Co. v. Estes, 144 Mo. App. 418; 16 Cyc. 1005; Helm v. Railroad, 98 Mo. App. 148; Hodkinson v. McNeal Machinery Co., 161 Mo. App. 87.

No brief filed for respondent.

REYNOLDS, P. J.—Plaintiff, owner of a lot of ties, had stacked them on the right of way of the defendant railroad company, at Barlow's switch, in Wayne county, preparatory to being loaded on cars and transported by defendant, the ties being stacked at the place customarily used for that purpose. There was the frame of an old sawmill standing partly over the right of way of the defendant, the principal part, however, on the land of a Mr. Warren. This old sawmill had been abandoned and was a mere shell. A lot of lumber and trash was lying around it, and Mr. Warren, desiring to have the fence along the right of

way and between that and his property closed or completed, appears to have been endeavoring to have the railroad people close up this gap, to do which it was necessary to remove all that part or corner of this old mill which projected into the right of way and across the line where the fence was to go. Mr. Warren appears to have had considerable talk and some correspondence with various agents of the railroad about filling up this gap in the fence. Finally he received a letter from someone, signing himself "division engineer," which appears to have been in answer to a letter that Mr. Warren had written to the claim agent of the road, with whom he had discussed the matter of the removal of the mill structure and construction of the fence. This letter sets out that in reply to a letter of Mr. Warren stating that he (Warren) "would set fire and clear up your rubbish at the north end of Barlow's switch, whenever we were ready to close the gap in the fence at that point. You will please do this at once and I will take steps toward having this fence constructed at an early date." In addition to this letter, it appears that Mr. Warren had some talk with the section foreman, whom he told of this letter, and this foreman appears to have told him that he could go ahead and burn the mill down. Mr. Warren accordingly set fire to the mill. While it was burning, the fire spread to where plaintiff's ties were piled on the right of way of defendant's road and 100 of them were burned up.

Plaintiff brought his action in the justice's court to recover for the value of these ties, on the theory that Warren, in setting fire to the mill was acting as the agent of defendant, and that he had acted carelessly and negligently in allowing the fire to spread to these ties. On appeal of defendant from the judgment against it in the justice's court, the cause went to the circuit court, where, upon a trial before the court and a jury, plaintiff recovered a verdict and judgment for

the value of the ties. It is from this judgment that defendant prosecutes this appeal.

Reading all the testimony in the case, we are unable to find any substantial evidence tending to show that Warren, in the act of burning this old sawmill, was acting as the agent or in the employ of the defendant railroad company. Considering the letter from the division engineer and the conversation in evidence between Mr. Warren and the section foreman, and waiving the point that there was no authority shown in them from the defendant to bind it, we find nothing whatever in the letter or conversation beyond a mere permission (and that is conceding in favor of plaintiff, that he had proved the authority of the engineer and foreman, and placing a construction on this testimony most favorable for plaintiff) to Mr. Warren to burn or remove this mill or frame. What Mr. Warren wanted the railroad people to do, was to construct the fence. The effect of the letter from the division engineer, is to give a mere permission on the part of this representative of the railroad company to Mr. Warren to remove that part of the mill, a small corner of which projected over into the right of way of the defendant railroad company, by burning it, agreeing when he did that, the defendant would build the fence. In no sense whatever can it be construed into an agency to burn or do anything else for defendant. The point in the minds of the parties evidently was that for his benefit Mr. Warren wanted the right of way fence extended along his own property, and to do that it was necessary to remove this obstruction; when he did that defendant would build the fence. At most, it could be held to authorize Warren to go on the right of way and burn or remove that part of the mill on the right of way, but it surely did not make him the agent of defendant in doing that. In short, we find no evidence in the case that can be construed

into the creation of an agency in Mr. Warren for the company defendant in burning the mill.

The judgment of the circuit court must be and is reversed. *Nortoni* and *Allen, JJ.*, concur.